## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MADHUKAR DHAS, on behalf of himself and all others similarly situated,<br><br>            Plaintiff(s),<br><br><br>         -against-<br><br>CENTRAL PORTFOLIO CONTROL, INC.,<br><br>           Defendant(s). | Civil Case Number: _____<br><br><br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT -- CLASS ACTION

### PRELIMINARY STATEMENT

1.      Plaintiff on behalf of himself and all others similarly situated ("Plaintiff"), by and through his attorneys, alleges that the Defendant, CENTRAL PORTFOLIO CONTROL, INC. ("CENTRAL PORTFOLIO CONTROL") violated 15 U.S.C. § 1692 *et seq*., the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331.  This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3.      Venue is proper in this district under 28 U.S.C. §1391(b) and 15 U.S.C. § 1692k(d) because the acts of the Defendant that give rise to this action, occurred in substantial part, in this district.

## DEFINITIONS

4.     As used in this complaint, the terms "creditor," "consumer," "debt" and "debt collector" are defined at 15 U.S.C. § 1692a.

## PARTIES

5.     Plaintiff is a natural person, a resident of Philadelphia County, Pennsylvania and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

6.     CENTRAL PORTFOLIO CONTROL maintains a location at 10249 Yellow Circle Drive, Suite 200, Minnetonka, Minnesota 55343.

7.     CENTRAL PORTFOLIO CONTROL uses the instrumentalities of interstate commerce or the mails to engage in the principal business of collecting debt.

8.     CENTRAL PORTFOLIO CONTROL uses the instrumentalities of interstate commerce or the mails to regularly engage in the collection or attempt to collect debt asserted to be due or owed to another.

9.     CENTRAL PORTFOLIO CONTROL is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

10.     John Does 1-25 are currently unknown Defendants whose identities will be obtained in discovery and at that time will be made parties to this action pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP"); Rule 15, Rule 19(c) Rule 20 and Rule 21. Plaintiff's claims against the currently unknown Defendants arise out of the same transaction, occurrence or series of transactions arising from known Defendant's actions and are due to common questions of law and fact whose joinder will promote litigation and judicial efficiency.

## STATEMENT OF FACTS

11.     Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

12.     According to Defendant, at some time prior to January 28, 2021, Plaintiff allegedly incurred a financial obligation to CONTINENTAL FINANCE COMPANY, LLC ASSIGNEE.

13.     The CONTINENTAL FINANCE COMPANY, LLC ASSIGNEE obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

14.     CONTINENTAL FINANCE COMPANY, LLC ASSIGNEE and any previous creditor is a "creditor" as defined by 15 U.S.C. § 1692a(4).

15.     On or before January 28, 2021, CONTINENTAL FINANCE COMPANY, LLC ASSIGNEE allegedly referred the CONTINENTAL FINANCE COMPANY, LLC ASSIGNEE obligation to CENTRAL PORTFOLIO CONTROL for the purpose of collections.

16.     At the time the CONTINENTAL FINANCE COMPANY, LLC ASSIGNEE obligation was allegedly referred to CENTRAL PORTFOLIO CONTROL, the CONTINENTAL FINANCE COMPANY, LLC ASSIGNEE obligation was in default.

17.     CENTRAL PORTFOLIO CONTROL caused to be delivered to Plaintiff a letter dated January 28, 2021.  A copy of said letter is annexed hereto as **Exhibit A**, which is fully incorporated herein by reference.

18.     The January 28, 2021 letter prominently conveyed the following to Plaintiff:

AN OFFER TO RESOLVE

19.     The letter provided the following information regarding the balance claimed due on the CONTINENTAL FINANCE COMPANY, LLC ASSIGNEE obligation:

Balance Due:  $1,065.14

20.     The letter advised Plaintiff that the current creditor of the CONTINENTAL FINANCE COMPANY, LLC ASSIGNEE obligation was CKS PRIME INVESTMENTS, LLC.

> *Current Creditor:*
> CKS Prime Investments, LLC

21.     The letter advised Plaintiff that CONTINENTAL FINANCE COMPANY, LLC ASSIGNEE was the original creditor of the debt.

> *Original Creditor:*
> CONTINENTAL FINANCE COMPANY LLC
> ASSIGNEE

22.     CONTINENTAL FINANCE COMPANY, LLC ASSIGNEE is not now nor has it ever been a creditor of Plaintiff.

23.     The letter was sent to Plaintiff in connection with the collection of the CONTINENTAL FINANCE COMPANY, LLC ASSIGNEE obligation.

24.     The letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

25.     The January 28, 2021 letter was the initial written communication that Plaintiff received from Defendant.  No other written communication was received by Plaintiff from Defendant within five days of the January 28, 2021 letter.

26.     Upon receipt, Plaintiff read the letter.

27.    The January 28, 2021 letter stated in part:

Based on your file's delinquency status, our office will be offering a resolution proposal to you.

If you pay 70% of the above referenced balance due, you will be released from the remaining balance. You total resolution amount would be $745.60. In order to satisfy the terms of this offer, **these funds must be received in full at our office no later than March 6, 2021. We are not obligated to renew this offer.** If you need additional time to respond to this offer, please contact us. This offer does not affect your rights set forth below. (emphasis added)

28.    According to Defendant's January 28, 2021 letter, Plaintiff had certain rights with respect to the CONTINENTAL FINANCE COMPANY, LLC ASSIGNEE obligation.

29.    According to Defendant's January 28, 2021 letter, those rights included:

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume the debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

30.    These rights are mandated by 15 U.S.C. § 1692g(a)(3) through (5) ("Validation Notice") of the FDCPA.

31.    In order to be entitled to obtain verification of the debt or a copy of a judgment against the consumer, the consumer must dispute the debt in writing.

32.    In order to be entitled to obtain the name and address of the original creditor, if different from the current creditor, the consumer must request such in writing.

33.    A debt collector has the obligation not just to convey each of the disclosures required by 15 U.S.C. § 1692g(a)(3)-(5), but also to convey each disclosure clearly.

34.    Even if a debt collector conveys the required information accurately, the debt collector nonetheless violates the FDCPA if that information is overshadowed or contradicted by other language in the communication.

35.    Even if a debt collector conveys the required information accurately, the debt collector nonetheless violates the FDCPA if that information is overshadowed by other collection activities during the 30-day validation period following the communication.

36.    15 U.S.C. § 1692g(b) provides that collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

37.    A collection activity or communication overshadows or contradicts the validation notice if it would make the least sophisticated consumer uncertain or confused as to her rights.

38.    Where an actual or apparent contradiction of the validation notice exists, the letter must include a reconciling statement to avoid the confusion that would result if the letter does not explain how the demand for payment fits together with the consumer's right to dispute the debt. See Wilson v. Quadramed Corp., 225 F.3d 350 (3d Cir 2000).

39.    Defendant's January 28, 2021 letter does not include such a reconciling statement. Nor does the letter explain what would happen to the March 6, 2021 expiration date to make the settlement payment should Plaintiff exercise his rights under 15 U.S.C. § 1692g(a)(3)-(5).

40.    Plaintiff and others similarly situated are left unsure what would happen to the March 6, 2021 expiration date to make the settlement payment should they send a written dispute to the Defendant within 30 days of receipt of the letter.  Would the March 6, 2021 expiration be extended by the length of time that it took for Defendant to provide written verification of the debt since Defendant was prohibited from further collection during that period?

41.     Plaintiff and others similarly situated would be confused by Defendant's demand for payment within the "30 day dispute period" allowed under the FDCPA.  If Plaintiff and others similarly situated sent payment within the "30 day period" would they be giving up their rights to dispute the debt or have it verified?  If Plaintiff and others similarly situated disputed the debt and also sent payment, and the debt was found invalid, would Defendant return the payment?

42.     "Thus, in order to comply with the requirements of section 1692g, more is required than the mere inclusion of the statutory debt validation notice in the debt collection letter - the required notice must also be conveyed effectively to the debtor." Wilson v. Quadramed Corp., 225 F.3d 350 at 354 (3d Cir. 2000); (citing Swanson v. Southern Oregon Credit Serv., Inc., 869 F.2d 1222, 1224 (9th Cir. 1988)); see also Graziano v. Harrison, 950 F.2d 107, 111 (3d Cir. 1991). See also Grubb v. Green Tree Servicing, 2014 WL 3696126, at *9 (D.N.J. July 24, 2014), Grubb v. Green Tree Servicing, 2017 WL 3191521 at *5 (D.N.J. July 27, 2017).

43.     As Defendant's January 28, 2021 letter identified the original creditor as CONTINENTAL FINANCE COMPANY, LLC ASSIGNEE, Plaintiff and others similarly situated, had no reason to exercise their rights to request the name of the original creditor under 15 U.S.C. § 1692g(5).

44.     Plaintiff and others similarly situated were dissuaded from exercising their right to request the name of the original creditor under 15 U.S.C. § 1692g(5).

45.     Defendant has at all times relevant treated the CONTINENTAL FINANCE COMPANY, LLC ASSIGNEE obligation as one covered by the FDCPA, thus conceding that it was a debt collector attempting to collect a debt allegedly incurred primarily for personal, family and household purposes.

46.     CENTRAL PORTFOLIO CONTROL knew or should have known that its actions violated the FDCPA.

47.     Defendants could have taken the steps necessary to bring their actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

## POLICIES AND PRACTICES COMPLAINED OF

48.     It is Defendants' policy and practice to send written collection communications, in the form annexed hereto as **Exhibit A**, which violate the FDCPA, by *inter alia*:

    (a)     Using false, deceptive or misleading representations or means in connection with the collection of a debt;

    (b)     Failing to provide the notices required under the FDCPA; and

    (c)     Overshadowing and/or contradicting Plaintiff's rights under the FDCPA.

49.     Defendants have sent written communications in the form annexed hereto as **Exhibit A**, to at least 50 natural persons in Pennsylvania within one year of this Complaint.

## CLASS ACTION ALLEGATIONS

50.     Plaintiff brings this action as a class action, pursuant to Rule 23 of the FRCP, on behalf of himself and all Pennsylvania consumers and their successors in interest (the "Class"), who were sent debt collection letters and/or notices from the Defendant, in violation of the FDCPA, as described in this Complaint.

51.     This Action is properly maintained as a class action. The Class is initially defined as:

All Pennsylvania consumers who were sent letters and/or notices from CENTRAL PORTFOLIO CONTROL (*See* **Exhibit A**), which included the alleged conduct and practices described herein.

The class definition may be subsequently modified or refined. The Class period begins one year prior to the filing of this Action.

52.     The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

a.     Numerosity: The Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who were sent debt collection letters and/or notices from the Defendant(s) that violate specific provisions of the FDCPA. Plaintiff is complaining about a standard form letter and/or notice that was sent to at least fifty (50) persons (*See* **Exhibit A**). The undersigned has, in accordance with FRCP Rule 5.2, redacted the financial account numbers and/or personal identifiers in said letter.

b.     Commonality: There are questions of law and fact common to the class members which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

i.     Whether the Defendants violated various provisions of the FDCPA;

ii.     Whether Plaintiff and the Class have been injured by the Defendants' conduct;

      iii.     Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

      iv.     Whether Plaintiff and the Class are entitled to declaratory relief.

  c.  <u>Typicality:</u> Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

  **d.**  <u>Adequacy of Representation:</u> Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class. Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

53.    A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates no unusual difficulties in the management of this class action.

54.    A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender.  Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as damages.

55.    Defendant(s) have acted on grounds generally applicable to the entire Class, thereby making appropriate final relief with respect to the Class as a whole.

## <u>COUNT I</u>

## FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §
### 1692 *et seq.*  VIOLATIONS

56.    Plaintiff, on behalf of himself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

57.    Collection letters and/or notices, such as those sent by Defendants, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

58.    The Defendant's letter would cause the least sophisticated consumer to be confused about his or her rights.

59.    Defendant's letters would cause the least sophisticated consumer to believe that CONTINENTAL FINANCE COMPANY, LLC ASSIGNEE was the original creditor with respect to the debt it was trying to collect.

60.    Defendants violated 15 U.S.C. § 1692e of the FDCPA as described herein in connection with their communications to Plaintiff and others similarly situated.

61.    Defendants engaged in false, deceptive, or misleading representations or means in violation of 15 U.S.C. § 1692e, § 1692e(2)(A) and § 1692e(10).

62.    Defendant's false, misleading and deceptive statement(s) is material to the least sophisticated consumer.

63.    Defendants violated 15 U.S.C. § 1692e(2)(A) by making false representations of the character or legal status of the debt.

64.    Defendants violated 15 U.S.C. § 1692e(10) which prohibits the employment of false and deceptive means of collecting debt.

65.    Defendant violated 15 U.S.C. § 1692g by failing to effectively convey the Validation Notice.

66.    As described herein, Defendant's letter violated 15 U.S.C. § 1692g et al.

67.     Defendant violated the FDCPA by overshadowing and/or contradicting the notices mandated by 15 U.S.C. § 1692g(a)(4) and (5).

68.     Defendant violated 15 U.S.C. §. 1692g(b) by engaging in collection activity which overshadows or is inconsistent with the consumer's right to dispute the debt.

69.     Defendants' conduct as described herein constitutes unfair or unconscionable means to collect or attempt to collect any debt.

70.     Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

71.     Plaintiff and others similarly situated have a right to free from abusive debt collection practices by debt collectors.

72.     Plaintiff and others similarly situated have a right to receive proper notices mandated by the FDCPA.

73.     Plaintiff and others similarly situated were sent letters, which could have affected their decision-making with regard to the debt.

74.     Plaintiff and others similarly situated have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein.

75.     Plaintiff has suffered damages and other harm as a direct result of Defendants actions, conduct, omissions and violations of the FDCPA described herein.

## DEMAND FOR TRIAL BY JURY

Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR DAMAGES

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a)     Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and his attorneys as Class Counsel;

(b)     Awarding Plaintiff and the Class statutory damages;

(c)     Awarding Plaintiff and the Class actual damages;

(d)     Awarding pre-judgment interest;

(e)     Awarding post-judgment interest.

(f)     Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

(g)     Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated: March 18, 2021

*/s/Robert P. Cocco*
Robert P. Cocco, Esq. (Pa. I.D. 61907)
Law Offices of Robert P. Cocco, P.C.
1500 Walnut Street, Suite 900
Philadelphia, Pennsylvania 19102
(215) 351-0200 telephone
(215) 827-5403 facsimile

# EXHIBIT A



# CENTRAL
# PORTFOLIO
# CONTROL

**Central Portfolio Control, Inc.**
10249 Yellow Circle Drive, Suite 200
Minnetonka, MN 55343
Toll Free: 1-800-280-1565
Monday-Friday 8AM-5PM
www.cpcrecovery.com

| Account Summary | FOR EASY & HASSLE FREE OPTIONS |
|---|---|
| **Current Creditor:**<br>CKS Prime Investments, LLC | **Visit Us At**<br>**portal.cpcrecovery.com**<br>To access your account online you will need the last 4 digits of your SSN and the following Agency ID: |
| *Reference #:* | |
| **Original Creditor:**<br>CONTINENTAL FINANCE COMPANY LLC<br>ASSIGNEE | **CKS1031** |

| | Balance Due:<br>$1,065.14 | |
|---|---|---|

| Payments By Phone | Mail Payments |
|---|---|
| 800-606-6841<br>Check or Debit Cards Accepted | 10249 Yellow Circle Dr., Suite 200<br>Minnetonka, MN 55343 |

ACA
INTERNATIONAL
The Association of Credit
and Collection Professionals
Member

January 28, 2021

## AN OFFER TO RESOLVE

Dear Madhukar Dhas,

Based on your file's delinquency status, our office will be offering a resolution proposal to you.

If you pay 70% of the above referenced balance due, you will be released from the remaining balance. Your total resolution amount would be $745.60. In order to satisfy the terms of this offer, these funds must be received in full at our office no later than March 6, 2021. We are not obligated to renew this offer. If you need additional time to respond to this offer, please contact us. This offer does not affect your rights set forth below.

We hope this offer to resolve will help to alleviate your financial situation.

Unless you notify this office within thirty (30) days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within thirty (30) days after receiving this notice that you dispute the validity of this debt or any portion of it, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgement or verification. If you request of this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

**This collection agency is licensed by the Minnesota Department of Commerce.**
This communication is from a debt collector and is an attempt to collect a debt. Any information obtained will be used for that purpose.
▲ Please Detach And Return In The Enclosed Envelope With Your Payment ▲

PO Box 1111
Charlotte, NC 28201

1

| IF PAYING BY CARD, PLEASE FILL OUT THE SECTION BELOW | |
|---|---|
| VISA   MasterCard   ☐ Check / M.O. | |
| CARD NUMBER | EXP. DATE |
| CARD HOLDER NAME | AMOUNT |
| SIGNATURE | REFERENCE#<br>5360923200317473 |

800-606-6841

Central Portfolio Control, Inc.
10249 Yellow Circle Drive, Suite 200
Minnetonka, MN 55343

Madhukar Dhas
1118 LOMBARD ST APT 9
PHILADELPHIA PA  19147-1267

22
CPC.WFD
919588
00000113